```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ANGEL AYBAR, JEFFREY CIMAN,
MANUEL NOGUEIRA, and ROBERT RICART,            **MEMORANDUM & ORDER**
                                               13-CV-825 (KAM) (VVP)

                Plaintiffs,

        -against-

CITY OF NEW YORK, DETECTIVE MARK ROMAN,
JOSE VARGAS, and DETECTIVE JASON
ROBLES,

                Defendants.

----------------------------------------X
```

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

On September 18, 2012, plaintiffs Angel Aybar, Jeffrey Ciman, Manuel Nogueira, and Robert Ricart (collectively, "plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, Complaint filed 9/18/12 ("Compl.").) The case, originally filed in the Southern District of New York, was transferred to this court on February 14, 2013. (ECF No. 7, Case Transfer dated 2/14/13.) On June 17, 2013, plaintiffs filed an amended complaint, bringing claims of malicious prosecution, false arrest, and other violations of their Constitutional rights against the City of New York (the "City"), and Drug Enforcement Agency ("DEA") Taskforce Officers Mark Roman, Jose Vargas

1

(collectively, "individual defendants"[1]), and Jason Robles, in their individual and official capacities.[2] (*See generally* ECF No. 15, Amended Complaint filed 6/7/13 ("Am. Compl.").)

On October 16, 2013, the City filed a motion to dismiss all claims against the City. (ECF No. 24, City's Motion to Dismiss filed 10/16/13 ("City Mot."); ECF No. 25, Affidavit/Declaration in Support of City Mot. filed 10/16/13 ("City Aff."); ECF No. 26, Memorandum of Law in Support of City Mot. filed 10/16/13 ("City Br.").) Because plaintiffs failed to serve an opposition, request an extension of time to respond, or otherwise respond to the City's motion to dismiss on the dates ordered by the court, the court deemed the City's motion to be fully-briefed and unopposed on October 16, 2013. (*See* Order dated 10/16/13.)

---

[1] The individual defendants Roman and Vargas were employed as Task Force Officers, acting in conjunction with the DEA. (*See* ECF No. 6, Plaintiffs' Letter dated 1/25/13 and filed 1/28/13.) Accordingly, Roman and Vargas are federal actors. (*See* ECF No. 26, Memorandum of Law in Support of City Mot. filed 10/16/13 ("City Br."), at 4; ECF No. 34, Individual Defendants' Memorandum of Law in Support of Motion to Dismiss filed 5/15/14 ("Ind'l Defs.' Br."), at 1.)

[2] Defendant Robles has not appeared in this action. In a letter dated August 27, 2013, the City's Corporation Counsel explained that service of process on "'Jason Robles' at 1 Police Plaza . . . was improper as there is no member of the New York City Police Department by that name. Upon information and belief, Jason Robles is a New York State Police Officer who had been assigned to the New York Drug Enforcement Task Force. . . . New York State Troopers are not entitled to representation by the Corporation Counsel, but rather are typically represented by the Office of New York State Attorney General's Office. As such, this office will treat the purported service of process on Robles as a nullity." (ECF No. 20, Letter from City dated 8/27/13, at 2.)

Plaintiffs have not disputed the City's assertion, nor have they attempted to re-serve process on Robles.

On May 15, 2014, individual defendants Roman and Vargas filed a motion to dismiss the claims against them. (ECF No. 33, Individual Defendants' Motion to Dismiss filed 5/15/14 ("Ind'l Defs.' Mot."); ECF No. 34, Individual Defendants' Memorandum of Law in Support of Motion to Dismiss filed 5/15/14 ("Ind'l Defs.' Br.").) Plaintiffs again failed to serve an opposition to individual defendants' motion to dismiss or otherwise respond to the motion on the date ordered by the court, and on May 15, 2014, the court deemed the individual defendants' motion to dismiss fully briefed and unopposed. (*See* Order dated 5/15/14.)

For the reasons set forth below, plaintiffs' complaint is dismissed with prejudice.

## **BACKGROUND**

I.  **Factual Background**

Plaintiffs' claims arise from an incident that occurred on or about November 20, 2008, in Queens, New York. (Am. Compl. at 2.) Plaintiffs allege that on or about November 20, 2008, they were arrested and charged with a violation of the Hobbs Act, possession of cocaine with intent to distribute, and illegal use of a firearm. (*Id.*) Plaintiffs were arrested by Jose Vargas and other members of the DEA Taskforce. (*See* City Aff., Ex. B, Criminal Complaint

dated 11/21/08.[3])  On or about December 8, 2008, plaintiffs were indicted in the United States District Court for the Eastern District of New York on federal criminal charges. (*See* City Aff., Ex. C, Criminal Indictment in Case No. 08-cr-007876 (JG), filed 12/8/08.)  On September 18, 2009, plaintiffs were acquitted of all charges.  (Am. Compl. at 6.) Plaintiffs allege, upon information and belief, that "at trial and under oath, members of the NYPD including Defendants, testified falsely, and fabricated the truth as to what occurred on and before the afternoon" of November 20, 2008. (Am. Compl. at 5.)  In addition, plaintiffs allege that defendants failed to testify that a criminal informant was involved in "setting up and negotiating" the crime for which they were arrested.  (*Id*. at 6.)  Plaintiffs allege that they were wrongfully jailed after their arrest and prior to their acquittals.  (*Id.*)

Although far from a model of clarity, the Amended Complaint appears to raise claims of malicious prosecution, false arrest, and false imprisonment as against the City and individual defendants, and negligence as against the City. (*See* Am. Compl. at 6-16.)

**II. Procedural History**

---

[3]  A court may take judicial notice of public records on consideration of a motion to dismiss under Rule 12(b)(6). *Wims v. New York City Police Dep't*, No. 10 Civ. 6128, 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011).

4

Throughout the duration of this case, plaintiffs have repeatedly failed, despite repeated warnings, to comply with court orders, including failing to submit any opposition to the City's and the individual defendants' motions to dismiss.

By Minute Order dated August 2, 2013, the court ordered plaintiffs to serve a copy of the Amended Complaint and amended summons on the individual defendants and file affidavits of service no later than August 9, 2013. The court advised plaintiffs that "failure to comply with this order will result in dismissal of Plaintiff's claims against the individual defendants with prejudice for failure to prosecute and to comply with court orders. *See* Fed. R. Civ. P. 41." (Minute Entry dated 8/2/13.) In addition, on August 10, 2013, the court ordered plaintiffs to respond to the City's August 9, 2013, letter requesting that the action be dismissed with prejudice as against the individual defendants, by August 13, 2013. (*See* ECF No. 18, City Letter dated 8/9/13; Order dated 8/10/13.) Plaintiffs filed affidavits of service one day late, and did not file any response to the City's letter. (*See* Order dated 8/30/13.) On August 30, 2013, the court found that dismissal of plaintiffs' claims against the individual defendants was not warranted, and ordered the

parties to adhere to a briefing schedule for the City's motion to dismiss. (*Id.*) In addition, the court warned plaintiffs that "any future failure to comply with this court's orders, including the briefing schedule set forth below, may result in the dismissal of this entire action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*) As previously discussed, the City's motion to dismiss was deemed fully briefed and unopposed due to plaintiffs' failure to serve an opposition. (*See* Order dated 10/16/13.)

On January 6, 2014, following a telephonic pre-motion conference to discuss the individual defendants' anticipated motion to dismiss, the court ordered plaintiffs to advise the court by January 17, 2014, as to whether they intended to pursue their action. (Minute Entry dated 1/6/14.) Plaintiffs were also warned that "failure to file a letter by 1/17/14 raises a strong likelihood that the court will dismiss the claim for failure to prosecute and . . . to comply with court orders. See Fed. R. Civ. P. 41." (*Id.*)[4]

In contravention of the court's order, plaintiffs failed to submit any letter by January 17, 2014. On January 23, 2014, the court gave plaintiffs "one last opportunity to

---

[4] In violation of the court's explicit order and this chambers' Individual Practices, plaintiffs also failed to submit a response to the individual defendants' letter requesting a pre-motion conference. (Order dated 12/11/13; *see also* Individual Practice Rule IV.B.1.)

6

comply with court orders," and extended the deadline to respond to January 27, 2014. (Order dated 1/23/14.) The court noted that, "given [its] prior warnings and leniency in granting extensions in this case, plaintiffs are warned that failure to follow this court order will result in dismissal of the action with prejudice for failure to prosecute and comply with court orders pursuant to Fed. R. Civ. P. 41." (*Id.*) On January 27, 2014, plaintiffs filed a letter, affirming their desire to pursue the case. (ECF No. 29, Plaintiffs' Letter dated 1/27/14.) The parties submitted a joint briefing schedule for the individual defendants' motion to dismiss, and the court ordered the parties to adhere to the submitted briefing schedule. (*See* Order dated 1/29/14.)

Despite the court-ordered briefing schedule with respect to the City's motion to dismiss, plaintiffs again failed to file any opposition to the individual defendants' motion to dismiss. (*See* ECF No. 32, Individual Defendants' Letter dated 5/12/14.) The court thus deemed the individual defendants' motion to dismiss to be fully briefed and unopposed. (Order dated 5/15/14.)

## DISCUSSION

**I. Failure to Prosecute and Comply with Court Orders**

Federal Rule of Civil Procedure 41 ("Rule 41") permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). A dismissal pursuant to Rule 41(b) is reviewed for abuse of discretion. *See Lewis*, 564 F.3d at 575. Because dismissal on such grounds is a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court

8

must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Here, the factors weigh in favor of dismissing the case for plaintiffs' failure to prosecute and comply with multiple court orders.

First, with the exception of attending a telephonic pre-motion conference and thereafter stating they would like to continue to pursue their case, plaintiffs have not taken any specific action to prosecute their case since they tardily filed affirmations of service of the Amended Complaint and summons on the individual defendants on August 10, 2013.[5] Despite stating their desire to continue their case,[6] plaintiffs have ignored the briefing deadlines set for the two pending motions to dismiss, and have not filed any requests for extensions of time. Neither have plaintiffs filed any response whatsoever to defendants' request for the court to

---

[5] Notably, plaintiffs submitted the affidavits of service one day after the court-ordered deadline. (*See* Order dated 8/30/13.)
[6] Plaintiffs' letter affirming their desire to move forward with their case was filed after the initial deadline of January 17, 2014. The court *sua sponte* granted an extension of time to January 27, 2014. (*See* Orders dated 1/23/14 and 1/6/14.)

9

dismiss the action for failure to prosecute and comply with court orders.  (*See* docket.)

"It is the plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct."  *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).  Indeed, "the plaintiff is the party instituting the suit and is therefore expected to pursue his interests by prosecuting it.  The defendant cannot be expected to provide the impetus to push the action forward."  *M&H Cosmetics, Inc. v. Alfin Fragrances, Inc.*, 102 F.R.D. 265, 267 (E.D.N.Y. 1984).  Here, plaintiffs have failed to take any substantial steps to move their case forward for approximately one year, despite their stated desire to continue their case, and have not offered any reason for their inaction.  Courts in this circuit have found that delays of less than one year are unreasonable.  *See Antonio v. Beckford*, No. 05-CV-2225, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (summarizing cases).  Accordingly, the court finds that the first factor weighs in favor of dismissal.

Second, plaintiffs have been put on notice that further inaction would result in dismissal under Rule 41, as the court has warned plaintiffs of this possibility at least

four times.  (*See* docket.)  In addition, the City filed a letter requesting dismissal for failure to prosecute on August 27, 2013, which plaintiffs received and did not respond to.  (*See* ECF No. 20, Letter from City dated 8/27/13.)  Therefore, as plaintiffs received ample notice from both the court and the City that further delays and failures to comply with court orders could result in dismissal, the second factor weighs in favor of dismissal.

The third factor, prejudice to defendants, also weighs in favor of dismissal.  Applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice defendants.  *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43).  Here, defendants have expended time and money to fully defend a lawsuit that plaintiffs have shown no real interest in pursuing.  *See Antonio*, 2006 WL 2819598, at *3-4.

Fourth, after considering the "balance between the district court calendar congestion and the plaintiff's right to an opportunity to be heard," *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 257 (2d Cir. 2004), the court finds that this factor also weighs in favor of dismissal. The plaintiffs have squandered multiple opportunities to move

their case forward and have caused needless expenditures of judicial resources to monitor plaintiffs' failed compliance with multiple court orders.  District courts in this circuit have often dismissed cases where plaintiffs chose to not comply with court orders and efficaciously litigate their claims.  *E.g.*, *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("Because Feurtado has made no effort to comply with the Court's directives or to prosecute his action, it would be unfair to numerous other litigants who await the attention of the Court to permit Feurtado's suit to remain on the Court's docket."); *Antonio*, 2006 WL 2819598, at *4 ("Plaintiff's repeated failure to comply with the Court's Orders diminishes her right to have her claim heard by the Court."); *Lediju v. N.Y.C. Dep't of Sanitation*, 173 F.R.D. 105, 111 (S.D.N.Y. 1997) (dismissing under Rule 41 where plaintiff "has been afforded every opportunity to litigate his claim" but "has chosen not to do so").  Thus, in light of plaintiffs' own repeated failures to comply with court orders and move this case forward for more than a year, it would not be fair to the court's many other litigants to allow this suit to continue to demand limited judicial resources, and this fourth factor weighs in favor of dismissal.

Finally, as to the fifth factor, no lesser sanction than dismissal is likely to be effective in light of plaintiffs' failure to respond to defendants' motions to dismiss or the court's multiple orders directing plaintiffs to take action or else risk possible dismissal.

Accordingly, for the reasons set forth above, the court finds that dismissal with prejudice under Rule 41(b) is warranted in light of plaintiffs' course of conduct throughout this action.

## II. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

In the alternative, the court has reviewed the motions to dismiss submitted by the City and the individual defendants, the factual record, and the applicable case law. The court finds that defendants' grounds for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) have merit, and justify dismissal.

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party," *McCarthy v. Dun & Bradstreet*

*Corp.*, 482 F.3d 184, 191 (2d Cir. 2007), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (alterations in original) (internal quotation marks omitted).

First, regarding the City's motion to dismiss plaintiffs' § 1983 claims against the City, plaintiffs have failed to sufficiently allege that the City had an official policy or custom that caused the plaintiffs to be subjected to the denial of a constitutional right. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citation omitted); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); (City Br. at 5-9). Moreover, with respect to plaintiffs' allegations that the City was negligent in the hiring, retention, training, and supervision of the individual defendants, plaintiffs have not pled enough facts to state a plausible claim to relief. Plaintiffs fail to make factual allegations regarding any "deliberate indifference" by the City and have not sufficiently alleged causation. *See Morrissey v. City of New York*, 963 F. Supp. 270, 273-74

(S.D.N.Y. 1997); *Walker v. City of New York*, 974 F.2d 293, 297-300 (2d Cir. 1992). In addition, the court agrees with the City that plaintiffs' malicious prosecution claim against the City must be dismissed, as plaintiffs have failed to sufficiently plead facts showing lack of probable cause for commencing the proceeding against plaintiffs and actual malice as a motivation for defendants' actions. (*See* City Br. at 10-12); *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995) (discussing elements for malicious prosecution claim).

Second, upon review of the individual defendants' motion to dismiss, plaintiffs cannot state a claim under § 1983 against the individual defendants, because they are considered federal actors for purposes of civil rights actions. (Ind'l Defs.' Br. at 4); *see Aikman v. Cnty. of Westchester*, 691 F. Supp. 2d 496, 498 (S.D.N.Y. 2010). In addition, plaintiffs fail to state a claim against the individual defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because they have not made specific factual allegations as to how any of the individual defendants were personally involved in the alleged constitutional violations or negligence claims. (Ind'l Defs.' Br. at 6-7; *see generally* Am. Compl.); *see Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 723 n.4

15

(S.D.N.Y. 2012); *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (complaint is "fatally defective" for failing to allege that defendants were "directly and personally responsible for the purported unlawful conduct"). Moreover, to the extent that plaintiffs do sufficiently allege the personal and direct involvement of the individual defendants, plaintiffs' claim of malicious prosecution nevertheless cannot succeed because plaintiffs have not pleaded any plausible facts to establish the elements of a malicious prosecution claim against any defendant. *See Rothstein v. Carriere*, 373 F.3d 275 (2d Cir. 2004). Plaintiffs fail to identify which of the named defendants committed unconstitutional, negligent, or malicious acts regarding their arrest, indictment, and prosecution, and fail to allege any specific acts by any defendant. Moreover, the individual defendants are protected by absolute immunity for any testimony they gave at trial. (*See* Ind'l Defs.' Br. at 7-9); *Briscoe v. LaHue*, 460 U.S. 325, 335-36, 345 (1983). Finally, the court agrees with defendants that plaintiffs have not asserted and cannot assert claims under the Federal Tort Claims Act and common law tort.

Accordingly, the court finds that the legal bases and authorities cited in the City's and the individual

defendants' motions to dismiss warrant dismissal of the complaint pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, plaintiffs' complaint is dismissed with prejudice for failure to prosecute and abide by court orders pursuant to Federal Rule of Civil Procedure 41(b), or in the alternative, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court is respectfully requested to enter judgment for defendants and close this case.

**SO ORDERED.**

Dated:     Brooklyn, New York
            September 8, 2014

                                           /s/
                                   **KIYO A. MATSUMOTO**
                                   United States District Judge
                                   Eastern District of New York